464

In the Matter of HERBERT SHAFER, an Attorney, Respondent. BAR ASSOCIATION OF ERIE COUNTY, Petitioner.

Fourth Department, February 25, 1965.

*John B. Walsh* and *Leonard Walentynowicz* for petitioner.

*Herald P. Fahringer, Jr.,* for respondent.

*Per Curiam.* At the opening of the hearing upon charges of misconduct and malpractice in his office as an attorney and counselor at law, respondent submitted his resignation from such office to become effective upon acceptance thereof by this court.

The acts of misconduct charged against him include participation in and consummation of a conspiracy to stage automobile accidents and to make fraudulent claims thereon; extensive, open, public, and notorious gambling in connection with which he acquired substantial information of law violations which he failed to disclose to public authorities; commingling of his clients' funds with his own; failure to keep proper records; making substantial loans to individuals after they retained him in negligence cases and obtaining repayment thereof from the proceeds of settlements of such cases; accepting cases referred to him by his brother and others and paying money to them; failure to file retainer statements and closing statements and making false entries in statements that were filed; giving false testimony under oath in the investigation making inquiry as to his activities; violating sections 2, 100, 274, 580, 986, 1290, 1294, 1620 and 1620-a of the Penal Law and canons 6, 10, 11, 16, 22, 27, 28, 29, 32, 37, 39 and 42 of the Canons of Professional Ethics, and other charges.

Respondent, in his answer, admits that he engaged in betting activity including bets with book-makers; that he maintained only one bank account for his own and his clients' moneys; and that he committed other offenses. He denies the other allegations of the Bar Association's petition.

In his letter of resignation he further admits that he had represented, as attorney, persons receiving settlements of claims growing out of a staged automobile accident; that his gambling activities were substantial and well known; and that he failed to file retainer statements and closing statements.

We consider the resignation during the pendency of the disciplinary proceeding as tantamount to an admission of the charges which were before us. At least it is clear he did not choose to litigate those issues.

The resignation will be accepted and an order entered striking respondent's name from the roll of attorneys.

WILLIAMS, P. J., BASTOW, GOLDMAN, NOONAN and DEL VECCHIO, JJ., concur.

Resignation accepted and order entered upon resignation striking respondent's name from the roll of attorneys and counselors at law.